1 | Adam J. Krolikowski (SBN 202946)
2 | THE KROLIKOWSKI LAW FIRM
  | 1200 Main Street, Suite H
3 | Irvine, California 92614
4 | T. (949) 269-1869
  | F. (949) 269-1868
5 | Email: adam@usethelaw.com
6 | *Attorneys for Plaintiff E.W.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| E.W., | ) Case No. 15-cv-00970 |
|---|---|
| Plaintiff, | ) **COMPLAINT FOR DAMAGES:** |
| | ) **(1) 42 U.S.C. §1983 – Fourth Amendment Excessive Force** |
| vs. | ) **(2) 42 U.S.C. §1983 (*Monell*) - Failure To Train** |
| | ) **(3) Negligence** |
| | ) **(4) Negligent Hiring** |
| | ) **(5) CA Civ. Code §52.1** |
| CITY OF BLYTHE, a government entity; CORPORAL SCOTT ADAMS, in his individual and official capacities; and DOES 1 to 10, inclusive, | ) **(6) Negligent Infliction Of Emotional Distress** |
| | ) **(7) Res Ipsa Loquitor** |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

COMPLAINT FOR DAMAGES
- 1-

## JURISDICTION

1. This action arises, in part, under 42 U.S.C. §1983, and accordingly this Court has original subject matter jurisdiction under 28 U.S.C. § 1331. For all remaining claims which do not present a federal question under 42 U.S.C. §1331, this Court has supplemental jurisdiction under 28 U.S.C. §1367.

2. Plaintiff is informed, believes and based thereon alleges that all parties are domiciled within the Central District of the State of California, and therefore, this Court has personal jurisdiction over Defendants.

## VENUE

3. Venue is proper under 28 U.S.C. §1391 in the Central District of California since a substantial part of the events or omissions giving rise to the claim occurred in this District and all parties resided, at all relevant times herein, within this District.

## PARTIES

4. Plaintiff E.W. ("Plaintiff" or "E.W.") was at all times material to this action a minor of thirteen (13) years of age and a resident of the County of Riverside, California. Shawnika Wade is the mother, parent and has custody of E.W. Application will be made for Shawnika Wade to be the guardian ad litem concurrent with the filing of this Complaint.

5. The Defendant City of Blythe ("City") is a government entity and the public employer of the involved law enforcement officer.

6. Defendant Corporal Scott Adams is an individual employed by the City and within the course and scope of his duties as a peace officer working for the City at all times mentioned herein.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information

and belief, alleges that each of the Defendants designated herein as DOE, is legally responsible in some manner for the events and happenings referred to, and proximately caused the Plaintiff damages as alleged herein. Plaintiff will amend this Complaint to show their true names and capacities when the same has been ascertained.

8. Defendant Corporal Adams and DOE Defendants 1-10 were at all times relevant to this Complaint duly appointed and acting peace officers of the County of Riverside ("County"), acting under the color of law, to wit, under the color of the statutes and usages of the City and/or the State of California.

9. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants, and each of them, were and/or are the agents, employees and/or co-conspirators of each of the remaining Defendants, and were acting within the course and scope of said employment, agency, and/or conspiracy in performance of the acts herein alleged.

10. Plaintiff is informed and believes, and upon such information and belief, alleges that Defendants' actions were performed under color of law and authority vested in them pursuant to their law enforcement duties and the customs, practices, and policies enacted and implements by each of the Defendants.

## FACTUAL ALLEGATIONS

11. On or about September 12, 2014, E.W. was walking with a group when she was stopped and singled out by Corporal Adams from a crowd of children at a crosswalk.

12. Plaintiff is informed and believes Corporal Adams singled Plaintiff out of the group due to her age, race and sex, and stopped her without cause.

13. Upon asking Corporal Adams why she was being stopped, Corporal Adams responded with excessive force upon E.W., including but not limited to yanking her arm, slamming her body on his patrol car, and handcuffing her.

14. As a direct result of the excessive force, Corporal Adams caused

E.W. humiliation, embarrassment, anxiety and fear.

15. Corporal Adams caused injuries to E.W., including but not limited to her arm and shoulder, which required treatment at the Palo Verde Hospital.

16. Corporal Adams used excessive force against Plaintiff including but not limited to, handcuffing, pushing and pulling, and injuring Plaintiff.

17. Plaintiff is informed and believes Corporal Adams has been involved in other incidents involving excessive force and said incidents were known to the City prior to the incident involving Plaintiff.

18. Following the incident, Plaintiff filed a citizen's complaint against Officer Adams which was partially sustained by the Blythe Police Department.

19. Plaintiff timely filed a claim for damages with the City concerning the incident and her injuries, which was rejected by the City.

20. Plaintiff is entitled to judgment and damages as set forth below.

## FIRST CAUSE OF ACTION

**VIOLATION OF CONSTITUTIONAL RIGHTS [42 U.S.C. § 1983]
FOURTH AMENDMENT VIOLATION- EXCESSIVE FORCE
(Against Defendant Adams, Individually and in Official Capacity)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1–19, inclusive.

22. Plaintiff possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and excessive force by law enforcement officers.

23. Said Defendant acted specifically with the intent to deprive Plaintiff of the following rights, including but not limited to, those under the Fourth and Fourteenth Amendments by:

    A. Depriving Plaintiff of her liberty by subjecting her to unwarranted and unreasonable restraints on his person without due process.

    B. Depriving Plaintiff of her liberty to be free from unreasonable

seizure, in the form of use of excessive force.

    C.  Depriving Plaintiff of her liberty by causing her to suffer humiliation, embarrassment, anxiety and fear as a direct result of their actions described above.

24. The injuries to Plaintiff by Defendant Adams were unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of force.

25. As a direct and proximate result of the acts of Defendant Adams, Plaintiff suffered the deprivation of his rights as secured under the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate cause of Defendant Adams' use of force, Plaintiff has suffered and continues to suffer, bodily injury and emotional distress.

27. The conduct of Defendant Adams was deliberately indifferent to the constitutional rights accorded citizens and was a willful violation of constitutional rights and Plaintiff should be awarded punitive damages.

28. As a further direct and legal cause of Defendant's actions, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and, therefore, has incurred and continues to incur attorneys' fees, legal fees, expert fees and costs for which Plaintiff is entitled reimbursement in an amount to be established at the time of trial. Such reimbursement is authorized pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
## VIOLATION OF CONSTITUTIONAL RIGHTS [42 U.S.C. § 1983]
## FAILURE TO TRAIN
### (Against Defendant County and DOES 1-10)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-28, inclusive.

30. Plaintiff is informed and believes and on that basis alleges that prior to the above-described incident, the City developed and maintained policies or

customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Blythe, which caused the violation of Plaintiff's rights.

31. Plaintiff is informed and believes and on that basis alleges that it was the policy and/or custom of the City to fail to exercise reasonable care in hiring, monitoring, and disciplining its law enforcement officers, including Defendant Adams and DOES 1-10, thereby failing to adequately prevent constitutional violations on the part of its police officers and/or deputies.

32. Plaintiff is informed and believes, and on that basis alleges said policies, procedures, customs and practices also called for the Defendant City not to discipline, prosecute, or objectively and/or independently investigate or respond to known incidents, complaints of excessive force, wrongful entry without warrant, wrongful detention of such persons and for the Defendant County to fail to objectively and/or independently investigate or respond to claims and/or lawsuits made as a result of such uses of unjustified, excessive force and misconduct.

33. It is believed and alleged that as a result of the above described policies and customs, law enforcement officers for the City, including Defendant Adams and DOES 1-10, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. Plaintiff is informed and believes, and on that basis alleges evidence of the City's deliberate indifference to the civil rights of minority groups and other victims of the police department's usage of excessive force and unlawful entries is the failure to identify and investigate instances of excessive and/or unreasonable force against suspects, unlawful entry and/or evidence and by the failure of said Defendant City to adequately train and more closely supervise or retrain officers and/or discipline or recommend prosecution of those officers who in fact improperly use excessive and/or unreasonable force and unlawfully enter private

homes of citizens.

35. The above described polices and customs demonstrate a deliberate indifference on the part of the City to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights alleged herein.

36. Other systematic deficiencies for said Defendants which indicated and continue to indicate a deliberate indifference to the violations of civil rights by officers of the City include but are not limited to:

    A. Defendant City maintained a system of inadequate training regarding entry into private homes of citizens; and

    B. Maintained a system of inadequate training regarding the arrest and detention of persons without a warrant or probable cause;

    C. Maintained a system of inadequate training regarding the use of force on detained suspects.

37. Defendant City's training program was not adequate to train its officers to properly handle usual and recurring situations.

38. Defendant City was deliberately indifferent to the need to train its officers adequately.

39. The failure to provide proper training was the proximate cause of the deprivation of Plaintiff's rights as secured under the Fourth Amendment to the Constitution to be free from unreasonable seizures.

40. Defendant City's failure to adequately train its officers was a substantial factor in causing harm and injuries to Plaintiff.

41. As a direct and proximate result of the actions of Defendant City, Plaintiff suffered the deprivation of his rights as secured under the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a proximate cause of the actions of Defendant, Plaintiff has suffered special and general damages, and is entitled to compensatory damages.

43. As a further direct and legal cause of Defendants' actions, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and, therefore, has incurred and continues to incur attorneys' fees, legal fees, expert fees and costs for which Plaintiff is entitled reimbursement in an amount to be established at the time of trial. Such reimbursement is authorized pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (Against All Defendants)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1–43, inclusive.

45. On or about March 16, 2013, and thereafter, Plaintiff was entitled to the duty of due care by Defendants and each of them.

46. On or about said date, Defendants breached the duty of due care owed to Plaintiff in that Defendants negligently and/or grossly negligently subjected Plaintiff to injury, harm and damage.

47. Defendants owed to Plaintiff non-consensual duties set forth in California Penal Code §§ 149 (felonious excessive force by a peace officer), 240 (assault), 242 (battery), and 4th Amendment to the U.S. Constitution.

48. As set forth in the paragraphs above, Defendants failed to abide by said non-consensual duties in that Defendants violated the aforesaid Penal Code sections and Amendment to the Constitution.

49. In doing the aforementioned acts, Defendants' breach of duty was negligent and caused Plaintiff to suffer physical damages, emotional and mental distress, fear, anxiety and mental anguish.

50. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer mental and emotional distress and is entitled to damages against Defendants, jointly and severally, as set forth below, including,

but not limited to general and punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION
### (Against CITY and DOES 1-10)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1–50, inclusive.

52. Prior to the incident, Defendant City and DOES 1 to 10, as supervisors of the individually named Defendant herein, knew or in the exercise of due care should have known, that the individual Defendant had a propensity, character trait, and practice while purporting to act under the color of law for violence, dishonesty and/or prevarication.

53. At all times mentioned herein Defendants City and DOES 1 to 10 knew or in the exercise of due care should have known, that the afore described traits of character, practices and propensity of Defendant Adams made him unfit to serve as a peace officer and were likely to cause harm and injury to the members of the public, including Plaintiff.

54. Notwithstanding such knowledge, Defendant City and DOES 1 to 10 negligently, carelessly and recklessly, hired, employed, retained and failed to properly supervise, train and control the individually named Defendant herein (and employees of the Defendants named in the cause of action) and each of them, inclusive, as peace officers and assigned said Defendant to duties which enabled him to violate the law and the department's written policies, including but not limited to: conducting an illegal search and seizure of Plaintiff, using excessive force, covering up the repeated acts of police misconduct and crimes, all while purporting to act under the color of law.

55. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer mental and emotional distress and is entitled to ad

demands damages against Defendants, jointly and severally, as set forth below, including, but not limited to general and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT § 52.1
### (Against All Defendants)

56.     Plaintiff re-alleges and incorporates by reference paragraphs 1–55, inclusive.

57.     As set forth in the above paragraphs, Defendants violated Plaintiff's civil rights, guaranteed by the California Constitution and the laws of the State of California, thereby violating California law, including, but not limited to, California Civil Code § 52.1.

58.     As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer, mental and emotional distress and is entitled to and demands damages, statutory damages, treble damages, attorney's fees and cost provided for by Civil Code §§ 52 and 52.1.

## SIXTH CAUSE OF ACTION
## RES IPSA LOQUITOR
### (Against All Defendants)

59.     Plaintiff re-alleges and incorporates by reference paragraphs 1–58, inclusive.

60.     As set forth in the paragraphs above, the type of harm suffered by Plaintiff as described herein is the type of harm that would not ordinarily have happened unless someone, or in this case, various people (i.e. Defendants) were negligent. In fact, said harm would not have happened absent intentional misconduct in addition to negligence on the part of Defendants: to wit, Plaintiff has injuries to her body caused by excessive force used by Corporal Adams.

61.     The harm that was caused to Plaintiff (a 13 year old girl) was caused

by something that only Corporal Adams and the City controlled.

62. Therefore, in addition to the facts alleged above, Defendants can and should be held liable under the doctrine of Res Ipsa Loquitur. The damages caused by Defendants will be proven at trial.

## PRAYER

WHEREFORE, Plaintiff E.W. prays for judgment as to all causes of actions against all Defendants, and each of them, as follows:

1. For general damages in a sum according to proof at trial;
2. For special damages in a sum according to proof at trial;
3. For attorneys' fees per statute;
4. For statutory damages in a sum according to proof;
5. For punitive damages against the *individual defendants* only;
6. For pre and/or post judgment interest as allowed by statute;
7. For such other relief as the Court deems just and proper.

THE KROLIKOWSKI FIRM

Date: May 18, 2015  _____
Adam J. Krolikowski, Esq.
for Plaintiff E.W.